Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 210708-171383
DATE: October 29, 2021

ORDER

The reduction of pension benefits based on updated income information provided by the Social Security Administration (SSA) was proper and the appeal is denied.

FINDINGS OF FACT

1. The appellant received death pension benefits as a surviving spouse with no dependents at the aid and attendance rate during the appeal period.

2. The appellant's only reported source of income was Social Security Administration benefits.

3. A February 2021 SSA Profile indicated a slightly higher rate of payment for the appellant's benefits for calendar years 2017 to 2020 and SSA Form 1099 revealed that Medicare part D premiums had not been paid since 2017. The appellant's countable income was adjusted based on the updated information from SSA. 

CONCLUSION OF LAW

Reduction of the appellant's death pension benefits effective March 1, 2017, due to change in countable income, was proper. 38 U.S.C. § 1521; 38 C.F.R. §§ 3.23, 3.271, 3.272. 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the United States Army from February 1954 to February 1956. The Veteran died in January 2017. The appellant is the Veteran's surviving spouse. 

In the VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), received July 8, 2021 the appellant elected the Evidence Submission option. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal dated April 2021, as well as any evidence submitted by the appellant or her representative with the VA Form 10182 or within 90 days of receipt of the VA Form 10182. 38 C.F.R. § 20.303. 

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claim of whether reduction of the appellant's death pension benefits was proper, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The appellant may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Additionally, the Board notes that the appellant has until no later than December 31, 2021 to provide the AOJ a VA Form 21-8416 Medical Expense Report for family medical expenses paid from January 1, 2020 to December 21, 2020.

1. The reduction of pension benefits based on countable income was proper

The appellant applied for death pension in February 2017 and was awarded pension benefits effective January 18, 2017. In a March 2017 rating decision, she was also awarded entitlement to special monthly pension based on the need for aid and attendance effective January 1, 2017. As the appellant is unmarried, she received benefits as a surviving spouse with no dependents at the aid and attendance rate throughout the period at issue.

Basic entitlement to pension exists if, among other things, the claimant's income is not in excess of the maximum annual pension rate (MAPR) specified in 38 C.F.R. § 3.23. 38 U.S.C. § 1521; 38 C.F.R. § 3.3 (a)(3). The MAPR is published in Appendix B of the VA Adjudication Procedures Manual M21-1 and is given the same force and effect as if published in VA regulations. 38 C.F.R. § 3.21. The MAPR is revised every December 1st and is applicable for the following 12-month period. The MAPR shall be reduced by the amount of the countable annual income of the claimant. 38 U.S.C. §§ 1503, 1521; 38 C.F.R. §§ 3.3, 3.23(b).

In determining annual income, all payments of any kind or from any source (including salary, retirement or annuity payments, one-time lump sum payments or similar income, even if waived) shall be included during the 12-month annualization period in which received, except for income specifically excluded. 38 U.S.C. § 1503 (a); 38 C.F.R. §§ 3.271 (a), 3.272.

For purposes of calculating pension benefits, total income may be reduced by amounts paid by a claimant for unreimbursed medical expenses that are "in excess of 5 percent of the applicable maximum annual pension rate or rates... as in effect during the 12-month annualization period in which the medical expenses were paid." 38 C.F.R. § 3.272 (g)(1)(iii). In order to be excluded from income, these medical expenses must be paid during the time period at issue, regardless of when they were incurred. In addition, they must be out-of-pocket expenses, for which the claimant received no reimbursement, such as from an insurance company. However, medical insurance premiums themselves, including Medicare Plan B premiums deducted from Social Security benefits, may be applied to reduce countable income.

For the purpose of determining initial entitlement or resuming payments on an award that was previously discontinued, the monthly rate of pension shall be computed by reducing the applicable maximum pension rate by the countable income on the effective date of entitlement and dividing the remainder by twelve. 38 C.F.R. § 3.273 (a). 

In essence, VA subtracts the total amount of countable income in one year from the MAPR for that year; then, if a positive amount remains, the rest is divided by 12 to determine the monthly pension benefit. When a change in the MAPR occurs, VA repeats the calculation with the new MAPR as the starting amount on the effective date of the change, typically December 1st. 38 C.F.R. § 3.273 (b)(1). Whenever there is a change in a beneficiary's countable income, VA will repeat the calculation using the beneficiary's new countable income effective the date of the change in the amount of income. 38 C.F.R. § 3.273 (b)(2). 

The appellant's only reported source of income for the period at issue is SSA benefits. In February 2021 the appellant received notification of a proposal to reduce her pension benefits as the incorrect amount of SSA benefit income had been counted and her SSA Form 1099 for calendar years 2017 through 2019 showed that she had not paid for Medicare part D premiums since 2017. See Notification Letter February 2021. 

The appellant submitted VA Form 21-0518 Improved Pension Eligibility Verification Report (EVR) in March 2021 but did not complete the monthly or annual income sections and did not sign the report. In April 2021 the appellant received notification that her benefits were reduced based on the report of income change provided by SSA. See Notification Letter April 2021. 

The Board notes that the appellant has not provided updated SSA income information. Thus, the amount reported by SSA is assumed to be correct. See SSA Profile and Benefit Data February 2021. The differences between the amounts used to calculate the original awards and the amount reported by SSA are shown in the table below. 

 Original Amount SSA Reported

December 2017 $1,447 $1,476

December 2018 $1,476 $1,517.50

December 2019 $1,517.60 $1,541.60

December 2020 $1,517.60 $1562.50

The RO also adjusted the death pension benefits from December 2017 as the SSA Form 1099 showed that the appellant had not paid for Medicare part D premiums since 2017. The Medicare part D premiums were originally included as an unreimbursed medical expense in the calculations for pension benefits along with Medicare premiums (SMIB), and in home care. These expenses, in excess of 5 percent of the applicable maximum annual pension rate, were used to reduce the appellant's total income. 38 C.F.R. § 3.272 (g)(1)(iii). Based on the updated information from SSA, the appellant's medical expenses for calendar years 2017 to 2020 were adjusted by the $384 per year ($32 per month for 12 months) previously considered for Medicare part D premiums; thus, resulting in less unreimbursed medical expenses to reduce her total income. 

In the notice of disagreement, the appellant alleged that the payment change due to income adjustment was incorrect and reported medical bills and pharmacy bills from 2017 to 2021 of $150 and $3,877.34, medical miles totaling $750 and part D from Medicare complete by AARP United Health Care of $1,620. The appellant also provided an explanation of benefits reporting prescription and out of pocket costs from 2017, 2020 and 2021. See Medical Receipts July 2021. The Board notes that prior to the notice of disagreement, the evidence does not reveal any unreimbursed medical expenses outside of Medicare part D, Medicare premiums and in home care, which were reported in the application for death pension in February 2017 and considered by the RO. 

In claiming unreimbursed medical expenses, beneficiaries must comply with the reporting requirements and supply adequate detail of these expenses to support them. Notably, estimates of expenses are generally not acceptable. The amount reported has to be the actual amount paid. Lump sums of expenses are also typically not acceptable unless supported by documentation. Furthermore, expenses reported must be for medical purposes only. Expenses for such things as life insurance premiums, travel expenses for other than medical visits (such as to church or the bank), and other such expenses such as household expenses are not allowable expenses and should not be reported.

In this case, the appellant provided lump sums that span a five-year period. The only supporting documentation provided is an explanation of benefits that does not provide an itemized breakdown of expenses or verification that the reported out of pocket costs were paid. Both the EVR submitted in March 2021 and April 2021 notification letter instructed the appellant to provide a MER to claim family medical expenses; however, a MER was not submitted during a period of time when new evidence was allowed (the Board notes that the June 2021 MER submitted when new evidence was not permitted is not signed and therefore incomplete). 

The appellant has not provided itemization of the alleged additional medical expenses as required; thus, it is unclear as to which annualization period the expense occurred in or the actual amount paid. Furthermore, the appellant did not provide documentation establishing that she paid the Medicare part D premiums. Therefore, the reported expenses in the notice of disagreement may not be used to reduce the appellant's total income for pension purposes.

Accordingly, the Board concludes that the reduction of the appellant's death pension benefits effective March 1, 2017, was warranted. The preponderance of the evidence is against the appellant's claim. Consequently, the benefit-of-the-doubt rule does not apply, and the issue on appeal must be denied. 38 U.S.C. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board S. A. Prinsen

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.